IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01823-WDM-OES

FULLER AND COMPANY, a Colorado corporation,

    Plaintiff,

v.

THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, a North Dakota nonprofit corporation,

    Defendant.

## ORDER OF REMAND

Miller, J.

This matter is before me on the motion to dismiss, filed by defendant The Evangelical Lutheran Good Samaritan Society (Society), and the motion for remand, filed by plaintiff Fuller and Company (Fuller). I have reviewed the parties' written arguments and conclude that oral argument is not required. For the reasons that follow, I will grant the motion to remand and deny the motion to dismiss as moot.

Fuller seeks to recover a real estate broker's commission for the sale of property in Boulder, Colorado, sold by the Society. The terms of the sale are memorialized in a Purchase and Sale Agreement (Agreement), which was provided to the court under seal as an exhibit to the motion to dismiss. In its complaint, Fuller brings three claims for relief: (1) declaratory judgment that it is entitled to a commission; (2) breach of contract; and (3) unjust enrichment. The complaint was filed in state court and removed to this Court by the Society.

The Society moves to dismiss the complaint as unripe. It points out that the terms of the Agreement contains various contingencies that will not be satisfied until after October 2006. Relying on C.R.S. § 12-61-201,[1] the Society argues that, until the sale is consummated, Fuller is not entitled to a commission. The cases the Society relies on are not as unanimous in support of its position as it presents them in the motion to dismiss. The Society cites *In re Ruetz*, 317 B.R. 549 (Bankr. D. Colo. 2004), a case which is not controlling, for the proposition that section 12-61-201 "makes it plain that the right to collect [a real estate] commission is inchoate until the deal closes or the seller refuses or neglects to complete the deal." 317 B.R. at 552. The Society ignores an earlier statement that suggests the opposite: "[A] reading of [section 12-61-201], in conjunction with abundant Colorado case law, makes it plain that a commission is earned when a broker or agent produces a buyer and . . . § 12-61-201 merely address when that earned commission becomes payable."

The Society's other citation provides stronger support for its position. In *Dunton v. Stemme*, the Colorado Supreme Court, addressing a predecessor statute to section 12-61-201 (with virtually identical language), stated:

> a real estate broker does not earn his commission when he finds a purchaser ready, willing and able to buy on terms and conditions specified by the owner, but in addition to finding such a purchaser the

---

[1] Section 12-61-201, C.R.S., provides:

No real estate agent of broker is entitled to a commission for finding a purchaser who is ready, willing, and able to complete the purchase of real estate as proposed by the owner until the same is consummated or is defeated by the refusal or neglect of the owner to consummate the same as agreed upon.

>   sale must either be consummated or the lack of consummation must be the result of the owner's failure or refusal.

117 Colo. 327, 333, 187 P.2d 593, 596 (1947).

The issue of Fuller's entitlement to a commission is one of Colorado law and, accordingly, I am bound by the most recent statements of Colorado law by the Colorado Supreme Court. *Sender v. Simon*, 84 F.3d 1299, 1303 (10th Cir. 1996). Although that court has discussed section12-61-201 in other contexts more recently, *Dunton* remains the law in Colorado on when a broker earns a commission on the sale of real estate.[2]

Following *Dunton*, I must conclude that this case is not ripe because the real estate sale has not been consummated (or rejected by the Society) and, therefore, Fuller is not yet entitled to a commission on the sale. *Initiative and Referendum Inst. v. Walker*, 450 F.3d 1082, 1097-98 (10th Cir. 2006) (central focus in ripeness determination is on "whether case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all") (citations omitted). Ripeness is a prerequisite to Article III jurisdiction. *Id.* at 1098.

Fuller does not address the effect of section 12-61-201 at all in its response to the motion to dismiss. Instead, it focuses on the factors the Tenth Circuit looks to in determining whether to entertain a declaratory claim. Because I agree with the Society that I lack jurisdiction over the case, I do not reach these arguments.

---

[2] *Ruetz* cited a Colorado Supreme Court case from 1990, *Moore and Co. v. T-A-L-L, Inc.*, 792 P.2d 794, 799 (Colo. 1990), in support of its holding that the commission is earned when the broker produces a buyer. *Moore and Co.*, however, did not address section 12-61-201 at all and so is not authority for the issue before me.

In lieu of dismissal, Fuller requests that I decline to accept jurisdiction and remand the case to state court. In the interests of judicial efficiency, I agree that remand is a proper result.

Accordingly, it is ordered:

1. Defendant's motion to dismiss, filed October 18, 2005 (Docket No. 8), is denied as moot.

2. Plaintiff's motion for remand, filed November 7, 2005 (Docket No. 18), is granted.

3. This case shall be remanded to the District Court for the City and County of Denver, Colorado.

DATED at Denver, Colorado, on August 14, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge